## IN THE UNITED STATES COURT OF APPEALS
## EIGHTH CIRCUIT

UNITED STATES OF AMERICA, §
 §
  Plaintiff-Appellee, §
 §
 v. §  Case Nos. 24-2575
 §     24-2576
KENNETH SIMPSON §
 §
  Defendant-Appellant. §
 §

\* \* \* \* \* \* \* \* \* \*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

\* \* \* \* \* \* \* \* \* \*

CRIMINAL NOS. 4:10-cr-00169; 4:23-cr-00297

\* \* \* \* \* \* \* \* \* \*

## ADDENDUM TO APPELLANT'S OPENING BRIEF

KATHRYN B. PARISH
Carlyle Parish LLC
3407 Jefferson, #128
St. Louis, Missouri 63118
(314) 392-0120
FAX (866) 764-1249
Kay@carlyleparishlaw.com
Missouri Bar No. 61781

ATTORNEY FOR APPELLANT

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For **Revocation** of Probation or Supervised Release) |
| v. | |
| | Case Number: **4:10-CR-00169-RLW(1)** |
| **KENNETH SIMPSON** | USM Number: **37171-044** |
| Pro Se | **Craig J. Concannon** |
| | Defendant's Standby Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☒ | admitted guilt to the following violation of condition(s): | (See violations listed below) |
| ☐ | was found in violation of the following condition(s) after denial of guilt: | (See violations listed below) |

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Standard Condition No. 1 | You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. [USSG §7B1.1(a)(3)(B)] | November 7, 2019 |
| Special Condition No. 1 | You must reside in a residential reentry center for a term of not more than 120 days. You must follow the rules and regulations of the center. [USSG §7B1.1(a)(3)(B)] | November 7, 2019 |
| Mandatory Condition No. 1 | You must not commit another federal, state or local crime. [USSG §7B1.1(a)(2)] | May 16, 2023 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

| | | |
|---|---|---|
| ☐ | The defendant has not violated condition(s) | and is discharged as to such violation(s) condition. |

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. 5367

**July 22, 2024**
_____
Date of Imposition of Judgment

*Ronnie L. White*

Defendant's Year of Birth: 1983

Signature of Judge

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

City and State of Defendant's Residence:
St. Louis, Missouri

**July 22, 2024**
_____
Date

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 2 of 8

DEFENDANT:           KENNETH SIMPSON
CASE NUMBER:         4:10-CR-00169-RLW(1)

# ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Mandatory Condition No. 6 | You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. [USSG §7B1.1(a)(2)] | May 16, 2023 |
| Standard Condition No. 5 | You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |
| Special Condition No. 15 | You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |
| Special Condition No. 19 | You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |
| Special Condition No. 16 | You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media without the written approval of the probation office. [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |
| Special Condition No. 17 | You must advise the probation office of all computers, electronic equipment, and web enabled equipment, including cell phones, to which you possess or have access within 24 hours of obtaining same. [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |
| Special Condition No. 18 | You must not access the Internet except for reasons approved in advance by the probation officer. [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case                          Judgment -- Page 3 of 8

DEFENDANT:         KENNETH SIMPSON
CASE NUMBER:       4:10-CR-00169-RLW(1)

## ADDITIONAL VIOLATIONS

| Special Condition No. 25 | You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256). [USSG §7B1.1(a)(3)(B)] | May 16, 2023 |

## THIS SECTION INTENTIONALLY LEFT BLANK

ADD-3

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case

Judgment -- Page 4 of 8

DEFENDANT:        KENNETH SIMPSON
CASE NUMBER:      4:10-CR-00169-RLW(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

 ten (10) months.  It is further ordered that this sentence be served consecutively to any sentence imposed in U.S. District Court under Docket No. 4:23CR00297-1 RLW.

☐   The court makes the following recommendations to the Bureau of Prisons:


☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at                           ☐   a.m.   ☐   p.m.   on

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on
☐   as notified by the United States Marshal.
☐   as notified by the Probation or Pretrial Services Office.


**MARSHALS RETURN MADE ON SEPARATE PAGE**

ADD-4

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case                                                                  Judgment -- Page 5 of 8

DEFENDANT:              KENNETH SIMPSON
CASE NUMBER:            4:10-CR-00169-RLW(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **life.**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☒   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

     You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case                           Judgment -- Page 6 of 8

DEFENDANT:           KENNETH SIMPSON
CASE NUMBER:         4:10-CR-00169-RLW(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case

Judgment -- Page 7 of 8

DEFENDANT:        KENNETH SIMPSON
CASE NUMBER:      4:10-CR-00169-RLW(1)

# SPECIAL CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

If required to register, you must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

You must reside in a residential reentry center for a term of not more than 120 days. You must follow the rules and regulations of the center.

You must participate in the Location Monitoring Program for a period of 90 days and shall abide by all technology requirements. As determined by the probation officer, you may be required to maintain a telephone at your place of residence without any service that would interfere with the operation of the location monitoring equipment for the above period. At the discretion of the probation officer, unless otherwise ordered by the Court, you may be required to wear a location monitoring device that may include Global Positioning System and/or Random Tracking. You must follow the location monitoring procedures specified by the probation office.

You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (home detention).

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must not use or possess alcohol.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must submit to periodic physiological testing which may include but is not limited to polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).

You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

You are prohibited from engaging in any occupation, business, profession, or volunteer work where you have access to children under the age of 18 without prior written approval from the probation office.

AO 245D (Rev. MOED 9/19) Judgment in a Criminal Case                                              Judgment -- Page 8 of 8

DEFENDANT:            KENNETH SIMPSON
CASE NUMBER:         4:10-CR-00169-RLW(1)

# SPECIAL CONDITIONS OF SUPERVISION – CONTINUED

You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

You must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

You must not access the Internet except for reasons approved in advance by the probation officer.

You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media without approval of the probation office.

You must not possess or use any audio/visual recording or producing equipment at any location without the written approval of the probation office. If approval is given, you must consent to the probation office or probation service representative conducting unannounced examinations, including retrieval and copying of all data related to the equipment.

You must advise the probation office of all computer, electronic equipment, and web enabled equipment, including cell phones, to which you possess or have access within 24 hours of obtaining same.

You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search.

You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a physical or electronic search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.

You must not purchase or maintain a post office box, any other type of private mailbox or any type of storage locker, unit or facility without written approval of the probation office.

DEFENDANT:          KENNETH SIMPSON
CASE NUMBER:        4:10-CR-00169-RLW(1)
USM Number:         **37171-044**

# UNITED STATES MARSHAL
# RETURN OF JUDGMENT IN A CRIMINAL CASE

**I have executed this judgment as follows:**

Date defendant was delivered with certified copy of this judgment:_____

Name and location of facility:_____

☐ Defendant was sentenced to Time Served and was released on:_____

☐ Defendant was sentenced to _____ months/years of Probation and was released on:_____

☐ Defendant was sentenced to _____ months/years of Supervised Release and was released on:_____

_____
NAME OF US MARSHAL/WARDEN

_____
By: NAME OF DEPUTY US MARSHAL/CSO

ADD-9

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **4:23-CR-00297-RLW(1)** |
| **KENNETH ROBERT SIMPSON** | § | USM Number: **37171-044** |
| Pro Se | § | <u>**Craig J. Concannon**</u> |
| | § | Defendant's Standby Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☒ | was found guilty on count(s) after a plea of not guilty | **count one of the Indictment on April 22, 2024.** |

The defendant is adjudicated guilty of these offenses:

| <u>**Title & Section / Nature of Offense**</u> | <u>**Offense Ended**</u> | <u>**Count**</u> |
|---|---|---|
| Failure to Register as a Sex Offender 18 U.S.C. § 2250(a)(3) | 05/16/2023 | 1r |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☐   Count(s) ☐ is ☐ are dismissed on the motion of the United States

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 22, 2024**
_____
Date of Imposition of Judgment

*Ronnie L. White*
_____
Signature of Judge

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**July 22, 2024**
_____
Date

DEFENDANT:          KENNETH ROBERT SIMPSON
CASE NUMBER:        4:23-CR-00297-RLW(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

60 month(s) as to count 1r.  This sentence shall run consecutive to any sentence imposed in the United States District Court, Eastern District of Missouri, under Docket No. 4:10CR00169-1 RLW.

☒   The court makes the following recommendations to the Bureau of Prisons:

It is recommended the defendant be evaluated for participation in an Occupational/Educational program, specifically, in plumbing, electrical work, auto repair, and heating, ventilation, and air conditioning (HVAC). Such recommendations are made to the extent they are consistent with the Bureau of Prisons policies.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

      ☐   at          ☐   a.m.     ☐   p.m.   on

      ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐   before 2 p.m. on
      ☐   as notified by the United States Marshal.
      ☐   as notified by the Probation or Pretrial Services Office.

**MARSHALS RETURN MADE ON SEPARATE PAGE**

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                                                           Judgment -- Page 3 of 7

DEFENDANT:         KENNETH ROBERT SIMPSON
CASE NUMBER:       4:23-CR-00297-RLW(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **five (5) years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 4 of 7

DEFENDANT:          KENNETH ROBERT SIMPSON
CASE NUMBER:        4:23-CR-00297-RLW(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                                    Judgment -- Page 5 of 7

DEFENDANT:         KENNETH ROBERT SIMPSON
CASE NUMBER:       4:23-CR-00297-RLW(1)

## SPECIAL CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the standard conditions that have been adopted by this Court and shall comply with the following additional conditions. If it is determined there are costs associated with any services provided, the defendant shall pay those costs based on a co-payment fee established by the probation office.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a physical or electronic search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.

You must participate in a sex offense-specific assessment.

ADD-14

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case                                         Judgment -- Page 6 of 7

DEFENDANT:          KENNETH ROBERT SIMPSON
CASE NUMBER:        4:23-CR-00297-RLW(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | | |

☐   The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the     ☐   fine        ☐   restitution

     ☐   the interest requirement for the     ☐   fine        ☐   restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. MOED 9/19) Judgment in a Criminal Case

Judgment -- Page 7 of 7

DEFENDANT:          KENNETH ROBERT SIMPSON
CASE NUMBER:        4:23-CR-00297-RLW(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payments of $ 100.00 due immediately, balance due

     ☐  not later than                                        , or

     ☒  in accordance        ☐    C,      ☐    D,      ☐    E, or      ☒    F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐    C,      ☐    D, or      ☐    F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
    **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1r, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT:         KENNETH ROBERT SIMPSON
CASE NUMBER:      4:23-CR-00297-RLW(1)
USM Number:        **37171-044**

## UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

**I have executed this judgment as follows:**

Date defendant was delivered with certified copy of this judgment:_____

Name and location of facility:_____

☐ Defendant was sentenced to Time Served and was released on:_____

☐ Defendant was sentenced to _____ months/years of Probation and was released on:_____

☐ Defendant was sentenced to _____ months/years of Supervised Release and was released on:_____

_____
NAME OF US MARSHAL/WARDEN

_____
By: NAME OF DEPUTY US MARSHAL/CSO

ADD-17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CR-297 RLW |
| | ) | |
| KENNETH ROBERT SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on pro se Defendant Kenneth Robert Simpson's Objections (ECF No. 77) to the Report and Recommendation of United States Magistrate Judge (ECF No. 69), which recommends the denial of Simpson's Motion to Suppress Search of Cell Phone (ECF No. 33), and pro se Motion to Dismiss Indictment/Counts (ECF Nos. 16, 23); Notice to Challenge Prior Conviction (ECF Nos. 19, 25), Motion to Dismiss for Lack of Jurisdiction (ECF No. 20), Motion to Challenge Constitutionality of § 2250 (ECF No. 26), and Motion to Dismiss for Selective Prosecution (ECF No. 36).[1] For the following reasons, the Court overrules Simpson's Objections and adopts the Magistrate Judge's Report and Recommendation.

**I. Procedural Background**

The Court adopts the Magistrate Judge's recitation of the lengthy procedural history of this case and Simpson's underlying federal conviction. In summary, Simpson entered a plea of

---

[1]Simpson's Motion to Suppress Search of Cell Phone was filed by appointed counsel. Simpson later filed a motion to represent himself and proceed pro se which the Magistrate Judge granted. Simpson then renewed pro se motions he had filed earlier, which had been dismissed without prejudice because he was represented by counsel at the time they were filed. The Court reappointed counsel for Simpson based on his request made in open court at a hearing on February 8, 2024, but now addresses the currently pending pro se motions and objections relevant to the Report and Recommendation.

guilty to one count of receipt of child pornography in May 2011 and was sentenced by United States District Judge Rodney W. Sippel to 60 months imprisonment and lifetime supervised release. <u>United States v. Simpson</u>, Case No. 4:10-CR-169 RLW (E.D. Mo.).[2] Judge Sippel subsequently revoked Simpson's supervised release in Case No. 4:10-CR-169 three times and sentenced him to revocation terms of 12 months, 18 months, and then 24 months in the Bureau of Prisons.

The present case arises from allegations contained in a fourth Petition for Warrant or Summons for Offender Under Supervision filed in Case No. 4:10-CR-169 RLW. The Petition states that Simpson began his fourth term of supervised release on November 7, 2019, but failed to report as directed to the Residential Re-Entry Center in Farmington, Missouri. The Petition states that Simpson absconded from supervision and was not arrested until May 16, 2023, and did not register as a sex offender at any time during that period. The Indictment in the present case charges that Simpson is a sex offender by reason of a federal conviction, is a person required to register under the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901, <u>et</u> <u>seq.</u> ("SORNA"), and knowingly failed to register and update his registration as required by SORNA, in violation of 18 U.S.C. § 2250(a).

The Court referred all pretrial matters in this case to United States Magistrate Judge Rodney H. Holmes pursuant to 28 U.S.C. § 636(b). Judge Holmes held an evidentiary hearing on November 9, 2023, at which the Government offered testimony from Deputy U.S. Marshal Kelsey Snyder and Assistant U.S. Probation Officer Amanda Shinkle. Judge Holmes issued the Report and Recommendation on December 11, 2023.

---

[2] Case No. 4:10-CR-169 RLW was transferred to this District Judge after the present case was filed, pursuant to Eastern District of Missouri case assignment policy.

**II. Legal Standard**

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See United States v. Lothridge, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the entire Report and Recommendation, has carefully and independently reviewed the full record, and has independently researched the controlling law.

**III. Discussion**

A. <u>Motion to Suppress Search of Cell Phone</u> (ECF No. 33)

When Simpson was arrested by Deputy U.S. Marshals on May 16, 2023, federal agents seized his cell phone and performed a warrantless search of it. Defendant's motion seeks to suppress the search as unconstitutional, asserting it was not based on reasonable suspicion as required by the special condition of his supervised release allowing probation officers to search his computers, cell phones, or other devices capable of storing electronic media. Defendant states the arrest warrant was based on his failure to report to the BOP Residential Reentry Center ("RRC"), and argues there were no grounds for federal agents to believe the cell phone contained evidence of his failure to report to the RRC.

Judge Holmes concluded that reasonable suspicion existed to lawfully search Simpson's cell phone upon his arrest because he had a prior conviction for possessing child pornography, he was prohibited from viewing and possessing any visual depictions of sexually explicit conduct, he was prohibited from possessing or using computers or other electronic communications or data storage devices or media without the probation office's written approval, and he was required to notify the probation office within 24 hours of obtaining all "computer, electronic

equipment, and web enabled equipment, including cell phones[.]" Judge Holmes stated that Simpson's mere possession of the cell phone without permission constituted a violation of his supervised release conditions, and P.O. Shinkle testified she believed the cell phone would contain evidence of violations of Simpson's supervised release conditions.

Simpson objects that the Report and Recommendation does not address his arguments raised at the evidentiary hearing that the supervised release search condition was unconstitutional and that search conditions cannot be enforced as to an incarcerated inmate. Simpson cites two Supreme Court decisions, Mont v. United States, 139 S. Ct. 1826, 1834-35 (2019), and Samson v. California, 547 U.S. 843, 850 (2006), but his legal arguments based on these cases either misunderstand or misconstrue their holdings, as they do not support his objections. See Objections (ECF No. 77 at 9-11). Simpson does not cite legal authority that supports either of the propositions he advances in his objections. As such, the Court does not discuss them further.

On de novo review, the Court concurs with Judge Holmes' recommendation and will deny the motion to suppress.

B. Other Arguments

Defendant Simpson objects that the Report and Recommendation should not have been issued at all, and argues this case must be dismissed for lack of jurisdiction, for due process violations in connection with his underlying conviction in Case No. 4:10-CR-169 RLW (E.D. Mo.), and because the term of supervised release in the underlying case is void. Simpson also makes repeated assertions in his motions and the objections that the Government has conceded his arguments or has waived the ability to contest his arguments. All of these arguments and Simpson's objections are legally frivolous as they are not supported by the record or by correct interpretation of the case law Simpson cites. Further, the Court has addressed the merits of

4

Simpson's jurisdictional challenges in a Memorandum and Order of this date issued in Case No. 4:10-CR-169 RLW and incorporates that discussion here. The Court overrules these objections.

Simpson also objects that the "preliminary challenge doctrine" requires the Court to determine whether the statute(s) he challenges are unconstitutional before he can be prosecuted for failure to register as a sex offender, citing Street v. City of Harrisonville, 2018 WL 4088083, at *3 (W.D. Mo. Aug. 27, 2018) (citing to Susan B. Anthony List v. Dreihaus, 537 U.S. 149, 167-68 (2014)). Simpson's arguments are misplaced because the principles discussed in Dreihaus do not apply to the issues he raises in this criminal case. Furthermore, the Magistrate Judge correctly ruled that the merits of Simpson's constitutional challenges to the supervised release statute, the Sex Offender Registration and Notification Act, and 18 U.S.C. § 2250(a), have been addressed and rejected in binding Eighth Circuit precedent. This objection is overruled.

C. Motion to Dismiss for Selective Prosecution (ECF No. 36)

Simpson argues the supervised release revocation proceeding should be dismissed because he is being singled out for prosecution for failure to register as a sex offender for the reason that he has challenged his obligation to register. Simpson compares himself to a "Robert Shone" in this District, who he claims is a "multiple time convicted sex offender repeatedly convicted for failure to register" who "abscond[ed] after several violations of release," but states no charges have been filed against Shone.

The Magistrate Judge correctly concluded Simpson does not establish a credible claim that he is a victim of selective prosecution. "To prevail on a selective prosecution claim a defendant must show that: (1) people similarly situated were not prosecuted; and (2) the decision to prosecute was based on a discriminatory purpose or for exercising a constitutional right."

5

United States v. Peterson, 652 F.3d 979, 981 (8th Cir. 2011). Simpson's supervised release in 4:10-CR-169 RLW was previously revoked on three occasions for his failure to register as a sex offender. Simpson was not indicted for failure to register as part of the previous three revocations, in which he also raised constitutional claims and challenges. Simpson offers no evidence—as opposed to conclusory argument—that the current prosecution is based on his exercise of a constitutional right to challenge his obligation to register. In addition, Simpson offers no evidence of similarly situated people who were not prosecuted.[3] The Court overrules Simpson's objection to this aspect of the Report and Recommendation.

## IV. Conclusion

Having fully considered all of these matters on de novo review, the Court overrules Defendant Simpson's objections and sustains and adopts Judge Holmes's recommendations as set out in the Report and Recommendation.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge dated December 11, 2023 (ECF No. 69), is **sustained, adopted** and **incorporated** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Search of Cell Phone (ECF No. 33) is **DENIED**.

---

[3]The Court's electronic case management system, CM/ECF, does not list a defendant in the Eastern District of Missouri with the last name of Shone. Further, Simpson's description of the purported Robert Shone does not describe a similarly situation person, as Simpson asserts that Shone was convicted multiple times for failure to register, unlike Simpson.

6

ADD-23

**IT IS FURTHER ORDERED** that Defendant's pro se Motion to Dismiss Indictment/Counts (ECF Nos. 16, 23); Notice to Challenge Prior Conviction and Motion to Strike Prior Conviction (ECF Nos. 19, 25); Motion to Dismiss for Lack of Jurisdiction/Unconstitutionality of Statute (ECF No. 20); Motion to Challenge Constitutionality of 2255 (ECF No. 26); and Motion to Dismiss Selective Prosecution (ECF No. 36), are **DENIED**.

_____

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>5th</u> day of March, 2024.

7
ADD-24

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-CR-00297 RLW/RHH |
| | ) | |
| KENNETH ROBERT SIMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Defendant Kenneth Robert Simpson's Motion to Suppress Search of Cell Phone. (ECF No. 33).[1]  This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The undersigned recommends the motion be denied.

I.    **BACKGROUND**

Mr. Simpson was indicted in a one-count indictment for possession of child pornography on March 18, 2010, in case number 4:10 CR 169 RWS. Mr. Simpson entered a plea of guilty on February 15, 2011. District Judge Rodney W. Sippel sentenced Mr. Simpson to 60 months incarceration followed by supervised release for a term of life. Mr. Simpson began supervised release in this case on September 17, 2015. Mr. Simpson's probation officer directed Mr. Simpson to register as a sex offender in order to be released to a Residential Re-Entry Center. Mr. Simpson refused to comply. On September 18, 2015, The U.S. Probation Office filed a

---

[1] Mr. Simpson filed a series of pro se motion while represented by counsel. These motions were denied. Upon the granting of Mr. Simpson's motion to represent himself (ECF No. 58) he has adopted his previously filed pro se motions. The Court will address the following motions: Motion to Dismiss Indictment/Counts (ECF No. 16 and 23; Notice to Challenge Prior Conviction (ECF No. 19 and 25); Motion to Dismiss for Lack of Jurisdiction (ECF No. 20); Motion to Challenge Constitutionality of § 2250 (ECF No. 26); and Motion to Dismiss for Selective Prosecution (ECF No. 36).

"Petition for Warrant or Summons for Offender Under Supervision" (ECF No. 96). The District

Court revoked Mr. Simpson's supervised release on December 12, 2015, and sentenced him to

12 months incarceration and reimposed a life term of supervised release. (ECF No. 113). Mr.

Simpson appealed his sentence. *United States v. Simpson*, No. 16-1031. On appeal, Mr. Simpson

raised six issues: (1) the District Court abused its discretion by failing to recuse itself from the

revocation proceedings; (2) the District Court erred in finding that Mr. Simpson violated his

terms of supervised release; (3) the District Court did not have subject matter jurisdiction over

the supervised release revocation proceedings; (4) the child pornography laws are

unconstitutional; (5) the revocation of Mr. Simpson's supervised release resulted in double

jeopardy; and (6) the conditions of Mr. Simpson's supervised release were unreasonable.  The

Eighth Circuit denied Mr. Simpson's appeal on all grounds in a per curiam opinion issued on

May 31, 2016. (ECF No. 123). Mr. Simpson's request for rehearing *en banc* and his petition for

writ of certiorari to the Supreme Court were both denied.

Mr. Simpson began his second term of supervised release on September 16, 2016. On

October 6, 2016, The U.S. Probation Office filed the second "Petition for Warrant or Summons

for Offender Under Supervision" (ECF No. 131).  Again, Mr. Simpson's probation officer

directed Mr. Simpson to register as a sex offender in order to be released to a Residential Re-

Entry Center. Mr. Simpson once again refused to comply. The district court revoked Mr.

Simpson's supervised release on November 21, 2016, and sentenced him to 18 months

incarceration followed by a life term of supervised release. (ECF No. 144). Mr. Simpson

appealed the District Court's second revocation of his supervised release and the District Court's

18-month sentence. *United States v. Simpson*, No. 16-4498. Mr. Simpson raised five issues on

appeal: (1) the District Court abused its discretion by failing to recuse itself from the revocation

proceedings; (2) the District Court has no jurisdiction over the crime or the statute because a) there is no interstate commerce, and b) there is a "lack of valid statute to assume jurisdiction under"; (3) supervised release is unconstitutional; (4) the length and conditions of supervised release inhibit reintegration; and (5) SORNA is an illegal statute and cannot sustain a supervised release violation. The Eighth Circuit denied Mr. Simpson's appeal on all grounds in a per curiam opinion issued on December 4, 2017. (ECF No. 157). The Eighth Circuit held that Mr. Simpson's jurisdictional and double jeopardy arguments amounted to collateral attacks on his conviction and sentence and his remaining arguments lacked merit. Mr. Simpson's request for rehearing *en banc* and his petition for writ of certiorari before the Supreme Court were both denied.

Mr. Simpson began his third term of supervised release on January 23, 2018. On January 24, 2018, The U.S. Probation Office filed the third "Petition for Warrant or Summons for Offender Under Supervision" (ECF No. 162).  Mr. Simpson was directed by his probation officer to report to the Residential Re-Entry Center in Farmington, Missouri. Mr. Simpson failed to report as directed. The District Court revoked Mr. Simpson's supervised release on March 28, 2018, and sentenced him to 24 months incarceration followed by a life term of supervised release. (ECF No. 179).

Mr. Simpson appealed the District Court's third revocation of his supervised release and the 24-month sentence imposed. *United States v. Simpson*, No. 18-1692. Mr. Simpson raised five issues on appeal: (1) the revocation of Mr. Simpson's supervised release resulted in double jeopardy; (2) the terms of supervised release are misused to impede reintegration; (3) Mr. Simpson was denied his due process rights in litigation; (4) the sentence was unreasonable; and (5) the District Court abused its discretion by failing to recuse itself from the revocation

proceedings. For the third time the Eighth Circuit denied his appeal. Mr. Simpson's request for rehearing *en banc* and his petition for writ of certiorari to the Supreme Court were denied.

The instant offense arose from the incidents set forth in Mr. Simpson's fourth "Petition for Warrant or Summons for Offender Under Supervision". Mr. Simpson began his fourth term of supervised release on November 7, 2019. Mr. Simpson was directed by his probation officer to report to the Residential Re-Entry Center in Farmington, Missouri and to register as a sex offender. Mr. Simpson failed to report as directed. Mr. Simpson absconded from supervision and was not apprehended until May 16, 2023. Mr. Simpson failed to register as a sex offender as required. During his arrest, Deputy United States Marshals and U.S. Probation Officers seized an Apple iPhone S smartphone, RCA Galileo Pro tablet, HP Notebook laptop computer, Xbox 360, and Sony PlayStation 2. As a result, Mr. Simpson was charged in a one count indictment with Failure to Register as a Sex Offender on June 7, 2023.

Mr. Simpson filed the pending Motion to Suppress Search of Cell Phone on August 22, 2023. The Government filed its Response on September 8, 2023.

On November 9, 2023, the parties appeared for an evidentiary hearing on Mr. Simpson's motion to suppress evidence. The Government offered testimony from Deputy United States Marshal Kelsey Snyder (Deputy Snyder) and Assistant United States Probation Officer Amanda Shinkle (AUSPO Shinkle). The defense did not call witnesses but cross examined the Government's witnesses. The parties declined an invitation by the Court to file post-hearing briefs. These matters were fully briefed and submitted on November 9, 2023. The matter is now ready for resolution.

The undersigned has carefully considered the evidence offered and admitted at the evidentiary hearing, including the credibility of both the Government's witness and the

4

ADD-28

Defendant. Both parties submitted a copy of the search warrant at issue in this case. The undersigned takes judicial notice of the search warrant documents. The undersigned has also considered the arguments of the parties both at the hearing and in their written submissions. Based upon the evidence adduced at the hearing, the oral arguments made on the record, and the written submissions of the parties, the undersigned makes the following findings of fact and conclusions of law.

## II.    FINDINGS OF FACT

Deputy Snyder testified that she received a Supervised Release Arrest Warrant from the U.S. Probation Office. Mr. Simpson's fugitive case was assigned to her. She opened her investigation in November 2019 due to Mr. Simpson's release from BOP but failure to report to residential center. She responded to an address in Sunset Hills, Missouri but did not locate Mr. Simpson. She continued periodic record checks to ascertain Mr. Simpson's location. Deputy Snyder determined that Mr. Simpson had not registered in December 2019. She then linked Mr. Simpson to a shelter and interviewed management in 2021, but uncovered no info on Mr. Simpson. Deputy Snyder continued to check records and addresses to no avail. In May 2023, she obtained employment records that linked Mr. Simpson to a residence at 3444 Keokuk. She planned to travel to the residence and speak to the homeowner in hope that he could provide information to assist in locating Mr. Simpson. On May 16, 2023, Deputy Kelsey and a team of deputy U.S. Marshals arrived at the residence. She knocked on the front door. Mr. Simpson answered the door and had a cell phone in his hand. Mr. Simpson was ordered to drop the cell phone and he complied. He was immediately taken into custody. Deputy Kelsey seized the cell phone, packaged it into evidence, and transferred to the probation office.

AUSPO Shinkle was assigned to supervise Mr. Simpson in 2019. In 2019, prior to beginning her supervision of Mr. Simpson she obtained and familiarized herself with Mr. Simpson's supervised release conditions. She also contacted the Federal Bureau of Prisons in October of 2019. Mr. Simpson was scheduled to be release in November of 2019. He was instructed to report to the Residential Center in Farmington, Missouri. He was directed to report on November 7, 2019. Mr. Simpson failed to report to the center as directed and failed to contact the probation. As a result, she filed a petition for an arrest warrant. From November 7, 2019 to May 16, 2023, Mr. Simpson failed to report to the residential center or the probation office. Deputy Snyder contacted USPO Shinkle on May 16, 2023, and informed her that Mr. Simpson was in custody and that he was in possession of a cell phone.  She made arrangements for the cell phone to be transferred to the custody of the U.S. Probation Office for the purpose of conducting a forensic examination. Mr. Simpson had the following conditions of supervised release:

> You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation office may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation.

*United States v. Simpson*, 4:10 CR 169 RLW (ECF No. 179).

Other relevant restrictions included a condition that Mr. Simpson was not allowed to possess any computers or other electronic data storage devices without the express approval of the Probation Office, nor was he allowed to access the internet without same. *Id.* Mr. Simpson was also required to notify "the probation office of all computer, electronic equipment, and web enabled equipment, including cell phones, to which he possesses or has access within 24 hours of obtaining same." *Id.*

6

The mere possession of the cell phone without permission constituted a violation of Mr. Simpson's supervised release. AUSPO Shinkle believed that the cell phone would contain evidence of violations of his supervised release. The cell phone was password protected and Mr. Simpson would not provide the password. As a result, she utilized software to access the cellphone and complete the search.

## III.    CONCLUSIONS OF LAW

In his motion, Mr. Simpson argues that the supervised release statute, 18 U.S.C. § 3583 and SORNA are unconstitutional. Mr. Simpson's arguments are foreclosed by Eighth Circuit precedent and will be denied.

### A.    The Search of the Cell Phone

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Supreme Court has long held that a probationer has limited Fourth Amendment rights because [they have] a diminished expectation of privacy." *Ryno v. City of Waynesville*, 58 F.4th 995, 1007 (8th Cir. 2023). Thus, while the Fourth Amendment's requirement that searches be "reasonable" extends to searches of a probationer's home, an individual's status as a probationer justifies "departures from the usual warrant and probable-cause requirements." *Griffin v. Wisconsin*, 483 U.S. 868, 873-74 (1987). The "touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)). "The Supreme Court has held that 'the balance of these considerations requires no more

7

than reasonable suspicion to conduct a search of [a] probationer's house.'" *United States v. Makeeff*, 820 F.3d 995, 1000 (8th Cir. 2016) (quoting *Knights*, 534 U.S. at 121). When a probationer is subject to a search condition, searches of a probationer's personal property must be supported, at most, by reasonable suspicion.[2] *Ryno*, 58 F.4th at 1008.

This lower standard is based on the recognition that "probationers do not enjoy the absolute liberty to which every citizen is entitled." *Knights*, 534 U.S. at 119 (quotations and citations omitted). Probation is "a form of criminal sanction" and, "[j]ust as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *Id.* When a court imposes a search condition upon a probationer, it "significantly diminishe[s] [the probationer's] reasonable expectation of privacy." *Id.* at 120 (footnote omitted). As such, "[a]n officer having reasonable suspicion that a probationer, who is subject to a search condition, is criminally active is sufficient to establish 'enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.'" *Makeeff*, 820 F.3d at 1001 (quoting *Knights*, 534 U.S. at 121).

"[F]ederal supervised release, ... in contrast to probation, is meted out in addition to, not in lieu of, incarceration." *Samson v. California*, 547 U.S. 843, 855 (2006) (quoting *United States v.*

---

[2] In <u>Ryno</u>, 58 F.4th at 1008, the Eighth Circuit "assume[d] without deciding" that the reasonable suspicion standard applied to a search of the probationer's computer, where the probationer was subject to a search condition. In doing so, the court observed that it had, in a few limited circumstances, held that a search of a probationer's personal property was permissible even absent suspicion when the probationer is subject to and aware of a broad search condition. <u>Id.</u> (citing <u>United States v. Kuhnel</u>, 25 4th 559, 564 (8th Cir. 2022) (search of a probationer's vehicle pursuant to search condition was "reasonable and permissible even in the absence of suspicion"; <u>United States v. Jackson</u>, 866 F.3d 982, 984-85 (8th Cir. 2017) (search of supervised releasee's cell phone was reasonable absent suspicion when he was aware of the search condition and resided in a facility that prohibited cell phones)). The court noted, however, that it had "never held that a probationary search condition authorizes the search of a probationer's personal property in *any* circumstances absent suspicion." <u>Id.</u> (emphasis in original).

*Reyes,* 283 F.3d 446, 461 (2d Cir. 2002)). "Supervised release, parole, and probation lie on a continuum. The most severe is 'supervised release,' which is ... followed, in descending order, by parole, then probation[.]" *Makeeff,* 820 F.3d at 1001 (quoting *United States v. Lifshitz,* 369 F.3d 173, 181 n. 4 (2d Cir. 2004) (citation omitted)). Thus, individuals on supervised release have the "most circumscribed expectation of privacy." *Id.*

The Eighth Circuit has determined that, although a supervised release term may not "explicitly state that the probation officers could search [a defendant's] personal effects[, it] is not dispositive" of whether reasonable suspicion exists. *United States v. Makeeff,* 820 F.3d 995, 1002 (8th Cir. 2016). In *Makeeff,* the defendant, Makeeff, was serving a term of supervised release upon being convicted and imprisoned for possession of child pornography. *Id.* at 997.

The search provision in Makeeff's case stated:

> [D]efendant shall submit to a search of his person, residence, adjacent structures, office or vehicle, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the U.S. Marshals Service.

*United States v. Makeeff,* No. 414CR00081SMRCFB, 2015 WL 13284966, at 3 (S.D. Iowa Feb. 6, 2015), *aff'd,* 820 F.3d 995 (8th Cir. 2016). Upon receiving a tip that Makeeff "bragged about using a computer and possessing child pornography," Makeeff's probation officers conducted a home visit and noticed a USB drive sitting on a table. *Makeeff,* 820 F.3d at 998. "Makeeff initially denied ownership of the USB drive and stated that he had no knowledge as to the USB drive's contents," *id.,* claiming it belonged to his wife. However, Makeeff's wife also denied ownership of the drive. The probation officers seized the drive and left. Makeeff then called the probation officers and admitted it contained child pornography, which a forensic analysis

9

ADD-33

confirmed. Makeeff claimed the USB drive should be suppressed because the probation officers lacked reasonable suspicion to search the contents. In affirming the denial of Makeef's suppression request, the Eighth Circuit held there was reasonable suspicion for the probation officers to seize and search the USB drive. The Court reasoned that, although the "supervised-release condition did not explicitly state that the probation officers could search Makeeff's personal effects," the search condition specifying that Makeeff's home may be searched, coupled with the tip, the drive being in plain sight, Makeeff's criminal history, and his admission to the violation, provided reasonable suspicion to search the contents of the drive. *Id.* at 1002-03.

Here, Mr. Simpson argues that once arrested and taken into custody the probation officer no longer had the authority to search his phone. Like Makeeff, Mr. Simpson had a prior conviction for possessing child pornography, he was prohibited from viewing and possessing any pornography, and he was prohibited from accessing or possessing a computer without the probation office's approval. The Eighth Circuit agreed that "the existence of the USB drive alone in Makeef's residence was sufficient to trigger reasonable suspicion." *Makeef*, 820 F.3d at 1001. Therefore, the probation officer had reasonable suspicion to lawfully search Mr. Simpson's phone.

**B.    The Supervised Release Statute is Constitutional**

"A district court may 'revoke a term of supervised release, and require the defendant serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release' if the court 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Childs*, 17 F.4th 790, 791 (8th Cir. 2021). Mr. Simpson relies on *United States v. Haymond*, 139 S.Ct.

2369 (2019) to support his argument that supervised release is unconstitutional. In *Haymond*, the Supreme Court held that 18 U.S.C. § 3583(k) violated the Fifth and Sixth Amendment of the Constitution. The court reasoned that § 3583(k), which required a five-year mandatory minimum sentence, increased the mandatory minimum sentence based on facts not found by a jury beyond a reasonable doubt.

Mr. Simpson's argument is without merit. Here, Mr. Simpson does not face a mandatory minimum sentence, nor has he been sentenced under 3583(k). The Eighth Circuit has denied this argument in multiple cases. *See, e.g., United States v. Weems*, 76 F4th 1153, 1156 (8th Cir. 2023) (holding the decision in *Haymond* is limited to 3583(k), not to all cases under 3583); *Childs*, 17 F.4th at 792 (holding *Haymond* did not overrule prior holdings that a term of supervised release may extend beyond the statutory maximum for the underlying substantive offense.); *United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020) (holding *Haymond* dealt with proceedings under 3583(k)); *United States v. Watters*, 947 F.3d, 493, 498 (8th Cir. 2020) (holding *Haymond* is inapplicable to § 3583(g)).

## C.    The Sex Offender Registration and Notification Act (SORNA) is Constitutional

Mr. Simpson next claims that SORNA is unconstitutional. He has filed the following motions: Motion to Dismiss Indictment/Counts (ECF Nos. 16 and 23); Motion to Dismiss for Lack of Jurisdiction (ECF No. 20); Motion to Challenge Constitutionality of § 2250 (ECF No. 26). These motions all turn on whether SORNA is constitutional and will be addressed here. Challenges to the constitutionality of SORNA have been consistently rejected by the Eighth Circuit. *See e.g.*, *United States v. Smith*, 642 Fed. Appx. 655, 656 (8th Cir. 2016) (rejecting Commerce Clause challenge to SORNA); *United States v. Kuehl*, 706 F.3d 917 (8th Cir. 2013) (holding the congressional grant of authority to the Attorney General in 42 U.S.C. § 16913(d) to

11

be constitutionally valid because Congress had set forth an intelligible principle to guide in the exercise of the granted authority); *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011) (rejecting Tenth Amendment and right-to-travel challenges to SORNA); *United States v. Waddle*, 612 F.3d 1027, 1029 (8th Cir. 2010) (holding SORNA does not violate the Ex Post Facto Clause); *see also Steward v. Folz*, 190 Fed. Appx. 476, 478-79 (7th Cir. 2006) (holding that SORNA's registration requirement does not constitute double jeopardy).

Further discussion is not necessary as these arguments are foreclosed by Eighth Circuit precedent. The motions are denied.

### D.    Collateral Challenge to the Underlying Conviction

Mr. Simpson filed a Notice and Motion challenging his prior conviction (ECF Nos. 19 and 25). In these filings, Mr. Simpson seeks to challenge his underlying conviction in Case No. 4:10 CR 169 RLW. He relies on two cases, *Alaska v. Wright*, 141 S. Ct. 1467 (2021) and *Lackawanna v. Coss, Jr.*, 532 U.S. 394 (2001). His reliance is misplaced. In *Lackawanna,* Defendant brought a federal habeas claim pursuant to 28 U.S.C. § 2254 challenging a 1990 state court conviction that served to enhance his sentence in a subsequent state case. *Lackawanna*, 532 at 397.  If a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack on its own right because the defendant failed to pursue those remedies when they were available, or did so unsuccessfully, then that defendant may not collaterally attack his prior conviction in a 28 U.S.C. § 2255 petition. *Id.* at 402(citing *Daniels v. United States*, 532 U.S 374 (2001)). In *Wright*, the defendant was convicted of 13 counts of sexual abuse as a minor. The defendant completed his sentence in 2016 and moved to Tennessee where he failed to register as a sex offender and was charged in a federal case. *Wright*, 141 S.Ct. at 1497. During the federal proceedings the defendant filed a federal habeas petition challenging the Alaska state

12

conviction. *Id.* at 1468. The District Court denied the motion because the defendant was not in custody pursuant to the state court judgment. *Id.* The Court of Appeals reversed because in their view, the state conviction was a necessary predicate to his federal case. *Id.* The Supreme Court found that the Court of Appeals "clearly erred". *Id.* The defendant was not in custody and does not remain in custody simply because the conviction can be used to enhance the sentence in subsequent crimes committed in the future. *Id.*   In both *Wrigh*t and *Lackawanna,* the defendants were denied the same relief Mr. Simpson currently seeks. *Wright*, 141 S.Ct at 1468; *Lackawanna*, 532 U.S. at 407.

Here, Mr. Simpson has attempted to raise these issues in previously filed habeas petitions. His petitions were denied. On August 6, 2019, the Eighth Circuit issued a per curiam opinion denying all grounds raised in Simpson's appeal, stating:

> In his pro se brief, Simpson again asserts the double-jeopardy, reintegration and recusal arguments he presented in a prior appeal, and states he has no intention of complying with the terms of release. The district court did not abuse its discretion imposing a 24-month revocation because it properly considered the 18 U.S.C. § 3553(a) factors. See *United States v. Larison*, 432 F.3d 921, 922-924 (8th Cir. 2006). This court declines to consider Simpson's arguments that (1) supervised release and revocation violated double-jeopardy principles and inhibit reintegration into society, and (2) the district court judge should have recused himself. These arguments have been considered and rejected by this court on direct appeals from Simpson's prior revocations. *United States v. Simpson*, 704 Fed. Appx. 609 (8th Cir. 2017), cert. denied, 138 S. Ct. 1314 (2018); *United States v. Simpson*, 653 Fed. Appx. 850 (8th Cir. 2016), cert. denied, 137 S. Ct. 318 (2016). When a court decides a rule of law, that decision governs the same issues in subsequent stages of the case. *Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134-35 (8th Cir. 2007). This court also declines to address Simpson's newly-raised assertion that this court's prior rulings never adjudicated his claims because it is no more than a collateral attack on those prior rulings.

Opinion of the Eighth Circuit Court of Appeals, No. 18-1692 (August 6, 2019).

Mr. Simpson's request for rehearing was denied. His petition for writ of certiorari to the Supreme Court was rejected. Mr. Simpson has filed four federal habeas petitions challenging some aspect of his conviction in Case No. 4:10 Cr 169 RLW.  4:11 CV 2058, 4:14 CV 392, 4:19

13

CV 349, and 4:19 CV 1313. Mr. Simpson failed to raise claims that he now asserts in the instant case. Mr. Simpson has no pending civil cases filed in this Court. It is clear from the four previously filed federal habeas petitions that Mr. Simpson knows how to file a federal habeas petition. He has previously used the correct forms and filed them as civil proceedings. His attempts to collaterally attack his prior federal conviction in the middle of the instant criminal case is improper and will be denied in accordance with the Eighth Circuit opinion referenced above.

**E.    Selective Prosecution**

Mr. Simpson argues that the instant case should be dismissed because he is the victim of selective prosecution. (ECF No. 36). To prevail on a selective prosecution claim a defendant must show that: (1) people similarly situated were not prosecuted; and (2) the decision to prosecute was based on a discriminatory purpose or for exercising a constitutional right. *United States v. Peterson*, 652 F.3d 979, 981 (8th Cir. 2011). "The evidentiary burden is a heavy one." *Id.*

Here, Mr. Simpson alleges that he is being prosecuted because he is exercising his constitutional right to challenge the constitutionality of SORNA. Mr. Simpson proffers that there is a convicted sex offender within the Eastern District of Missouri, Mr. Shone, who has been convicted for failure to register as a sex offender multiple times was not prosecuted after absconding. This argument is without merit. Mr. Simpson's supervised release was revoked on three prior occasions for failure to register. He was not indicted after failing to register in the past. The Government chose to indict Mr. Simpson in the instant case after he failed to register for the fourth time. In his motion Mr. Simpson references Mr. Shone as a "multiple time convicted sex offender repeatedly convicted for failure to register". According to Mr. Simpson,

14

Mr. Shone was charged and convicted multiple times for failure to register. Mr. Simpson has failed to register four times and is facing his first failure to register charge while Mr. Shone has been charged and convicted multiple times for the same conduct that Mr. Simpson faces in the instant case. Mr. Simpson's attempt to categorize Mr. Shone as a similarly situated person who the Government did not prosecuted fails. Simply put, Mr. Simpson is not being singled out and prosecuted while others are not. Mr. Simpson has made constitutional challenges during each of his three prior supervised release revocations. He was not charged with failure to register despite exercising his constitutional rights. Mr. Simpson has failed to provide credible evidence to satisfy either prong of the two-part test. His motion to dismiss is denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Kenneth Robert Simpson's Motion to Suppress Search of Cell Phone (ECF No. 33) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant Kenneth Robert Simpson's Motion to Dismiss Indictment/Counts (ECF Nos. 16 and 23); Notice to Challenge Prior Conviction (ECF Nos. 19 and 25); Motion to Dismiss for Lack of Jurisdiction (ECF No. 20); Motion to Challenge Constitutionality of 2250 (ECF No. 26); and Motion to Dismiss for Selective Prosecution (ECF No. 36) be **DENIED**.

The parties are advised that they have 14 days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

A trial date will be set by further order of the Court.

**RODNEY H. HOLMES**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 11th day of December, 2023

16